IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REGINA DeLILLO, : | |
| 313 Morrison Road : | |
| Reading, PA   19601 : | CIVIL ACTION |
| Plaintiff, : | No. 02 CV 5107 |
| : | |
| v. : | |
| : | |
| ABRAHAM INDUSTRIES, INC., t/d/b/a : | JURY TRIAL DEMANDED |
| VALLEY FORGE FLAG, INC. : | |
| 1700 Conrad Weiser Parkway : | |
| Womelsdorf, PA   19567 : | |
| And : | |
| MICHAEL LIBERMAN : | |
| 1700 Conrad Weiser Parkway : | |
| Womelsdorf, PA   19567 : | |
| And : | |
| SCOTT LIBERMAN : | |
| 1700 Conrad Weiser Parkway : | |
| Womelsdorf, PA   19567 : | |
| And : | |
| GREGORY HARRIS : | |
| 1700 Conrad Weiser Parkway : | |
| Womelsdorf, PA   19567 : | |
| Defendants. | |

## ANSWER ON BEHALF OF MICHAEL LIBERMAN

1.   Admitted.

2.   Admitted.

3.   Denied.

4.   Admitted that Defendant Michael Liberman was an employee and corporate officer of Valley Forge Flag Company, Inc. ("VFF") at times material to the Complaint and was at certain times a direct supervisor of Ms. DeLillo.  Except as is specifically admitted in the foregoing, the allegations contained in Paragraph 4 are denied.

5. Admitted that Scott Liberman was an employee and corporate officer of VFF at times material to the Complaint and that he is a citizen of the Commonwealth of Pennsylvania with a business address at 1700 Conrad Weiser Parkway, Womelsdorf, Pennsylvania. Except is as specifically admitted in the foregoing, the allegations contained in Paragraph 5 are denied.

6. Admitted that Gregory Harris was an employee and corporate officer of VFF at times material to the Complaint, that he was at certain times a direct supervisor of Ms. DeLillo and that he is a citizen of the Commonwealth of Pennsylvania with a business address at 1700 Conrad Weiser Parkway, Womelsdorf, Pennsylvania. Except is as specifically admitted in the foregoing, the allegations contained in Paragraph 6 are denied.

7. Admitted.

8. The allegations in paragraph 8 constitute conclusions of law to which no response is required.

9. The allegations in paragraph 9 constitute conclusions of law to which no response is required. In any event, the Court lacks subject matter jurisdiction over Michael Liberman, or any of the individual defendants, under Title VII.

10. Admitted that if the District Court has jurisdiction, venue is proper.

11. Admitted that Ms. DeLillo filed a Complaint with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission. Except as is specifically admitted in the foregoing, Defendant is without knowledge or information sufficient to form a belief as to the date when such charges were filed.

12. Admitted that Ms. DeLillo filed an Amended Complaint with the EEOC and the Pennsylvania Human Relations Commission alleging retaliation. Except as is specifically admitted in the foregoing, Defendant is without knowledge or information sufficient to form a belief as to the date when such charges were filed.

13. Admitted.

14. Denied.

15. Admitted.

16. Admitted that Ms. DeLillo was employed by VFF as Human Resources Manager. Except as is expressly admitted in the foregoing, the allegations as stated in Paragraph 16 are denied.

17. Admitted.

18. Defendant incorporates herein his response to Paragraph 4.

19. Defendant incorporates herein his response to Paragraph 4.

20. Defendant incorporates herein his response to Paragraph 5.

21. Defendant incorporates herein his response to Paragraph 5.

22. Defendant incorporates herein his response to Paragraph 6.

23. Defendant incorporates herein his response to Paragraph 6.

24. Denied that Ms. DeLillo was subjected to disparate discriminatory or harassing treatment or that she was subjected to a hostile work environment either generally or in the particular respects alleged as follows:

    a. Denied.

    b. The allegations contained in paragraph 24(b) are directed to parties other than the answering defendant and therefore no response is necessary.

    c. Admitted that in or about 1997, Ms. DeLillo became a direct report to Michael Liberman. Except as is expressly admitted in the foregoing, the allegations as stated in paragraph 24(c) are denied.

    d. Denied that after the December 1997 Holiday Party, Michael Liberman wanted Ms. DeLillo to invite select female employees to the Reading house for an after-party. The remainder of the allegations contained in paragraph 24(d) are directed to parties other than the answering defendant and therefore no response is necessary.

    e. Admitted that, at her request, Ms. DeLillo accompanied Michael Liberman to the White House in connection with the Welfare-to-Work Program. Except as is specifically admitted in the foregoing, the allegations contained in 24(e) are denied.

    f. Denied.

g.    Denied.

h.    Denied.

i.    Denied.

j.    Admitted that at the July 31, 1999 company picnic, Michael Liberman chased Ms. DeLillo, whom he did not know was pregnant, with a water balloon, a number of which she had brought to the picnic for use in games she organized. Except as is specifically admitted in the foregoing, the allegations contained in Paragraph 24(j) are denied.

k.    Admitted that at the same picnic, some employees, male and female, danced atop picnic tables. Except as is specifically admitted in the foregoing, the allegations contained in Paragraph 24(k) are denied.

l.    The allegations contained in paragraph 24(l) are directed to parties other than the answering defendant and therefore no response is necessary.

m.    Denied.

n.    Denied.

o.    Admitted that in October, 1999, Michael Liberman attended a trade show with other Valley Forge Flag employees and that upon his return, he related to Ms. DeLillo statements by another employee, who was on the trip, about behavior of a

    third employee in New Orleans which took place out of Michael Liberman's presence, before he arrived in New Orleans, and without his knowledge.

p.    Denied.

q.    Admitted that during that time period, e-mails which appeared to be from sexually explicit websites arrived unsolicited in the general e-mail box. Except as specifically admitted in the foregoing, the allegations contained in Paragraph 24(q) are denied.

r.    Admitted that on that date, Michael Liberman accessed on the personal computer in his office a pornographic story and a photograph which unbeknownst to him printed on a common printer. Except as is specifically admitted in the foregoing, the allegations contained in Paragraph 24(r) are denied.

s.    Defendant is without knowledge or information sufficient to form a belief as to what Ms. DeLillo "found out." Except as specifically stated in the foregoing, the allegations contained in Paragraph 24(s) are denied.

t.    Denied.

u.    Admitted that on one day in August, 2000, Ms. DeLillo came to work in a casual attire because she said she was to be moving some boxes. Except as is specifically admitted in the foregoing, the allegations contained in Paragraph 24(u) are denied.

v.      Admitted that in August, 2000, Michael Liberman attempted to discuss with Ms. DeLillo her complaints of sexual harassment. Except as specifically admitted in the foregoing, the allegations contained in Paragraph 24(v) are denied.

w.     The allegations contained in paragraph 24(w) are directed to parties other than the answering defendant and therefore no response is necessary.

x.      Defendant is without knowledge or information sufficient to form a belief as to what e-mails Ms. DeLillo received on her personal hotmail account.

y.      Denied that Michael Liberman perpetuated a hostile and offensive environment on any routine basis either generally or in the particular respects alleged as follows:

      i.      Admitted that Michael Liberman occasionally downloaded and printed pornographic material in his personal office. Except as is specifically admitted in the foregoing, the allegations contained in this subparagraph are denied.

      ii.     Defendant incorporates herein his response to Paragraph 24(q).

      iii.    Defendant incorporates herein his response to Paragraph 24(r).

      iv.    Admitted that Michael Liberman occasionally received catalogues and magazines in his office mail. Except as is specifically admitted in the foregoing, the allegations contained in this subparagraph are denied.

      v.      Denied.

      vi.      Denied.

      vii.      Denied.

      viii.      The allegations contained in paragraph 24(y)(viii) are directed to parties other than the answering defendant and therefore no response is necessary.

      ix.      Defendant is without knowledge or information sufficient to form a belief as to what Ms. DeLillo may have received in her e-mail on January 3, 2001.

z.      Denied.

aa.      Admitted that counsel sent a copy of a proposed EEOC Charge to counsel for VFF some time in February, 2001 and on April 6, 2001 VFF terminated Ms. DeLillo's employment as well as the employment of numerous other employees in connection with a corporate restructuring. Except as is specifically admitted in the foregoing, the allegations contained in Paragraph 24 (aa) are denied.

25.      Denied.

26.      Denied.

27.      Denied.

28.      Denied

29. Defendant incorporates herein by reference his responses to Paragraphs 1 through 28.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Defendant incorporates by reference herein his responses to Paragraphs 1 through 34.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Defendant incorporates by reference his responses to Paragraphs 1 through 42.

44. Denied.

45. Denied.

46.	Denied.

47.	Denied.

48.	Denied.

49.	Denied.

WHEREFORE, Defendant Michael Liberman requests that the Court enter judgment in his favor and against Plaintiff on all claims and assess the reasonable costs of the action.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

Plaintiff fails to state a claim upon which relief may be granted.

#### Second Affirmative Defense

Plaintiff's claims under both Title VII and the Pennsylvania Human Relations Act are barred by the applicable periods of limitation.

#### Third Affirmative Defense

Plaintiff waived any claims of hostile sexual environment through her own conduct.

#### Fourth Affirmative Defense

Because Ms. DeLillo unreasonably failed to avail herself of the company's established written remedial procedures for the resolution of complaints of alleged sexual harassment, and did not suffer tangible adverse job action for any unlawful reason, Defendants are entitled to the Farragher/Ellerth defense.

#### Fifth Affirmative Defense

Ms. DeLillo is estopped from asserting the presence of offensive sexually related e-mails

in the workplace as creating a hostile work environment by her own failure to take remedial counter-measures in her capacity as Human Resources Manager.

Respectfully submitted,

HOYLE, MORRIS & KERR LLP

_____
Jan Fink Call
Attorney ID No. 58238
Tammi Markowitz
Attorney ID No. 84822
Hoyle, Morris & Kerr LLP
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA  19103
(215) 981-5700

Attorneys for Defendant
Michael Liberman

Dated:  September    , 2002

## **CERTIFICATE OF SERVICE**

      I, Tammi Markowitz, hereby certify that a true and correct copy of the Answer on Behalf of Michael Liberman, was served via hand delivery and United States first-class mail, postage prepaid, this ___th day of September, 2002, upon the following counsel:

      Debra A. Jensen, Esquire
      Wayne A. Hamilton, Esquire
      Galfand Berger, LLP
      1818 Market Street
      Suite 2300
      Philadelphia, PA 19103-3623

      Richard S. Meyer, Esquire
      Blank Rome Comisky & McCauley LLP
      One Logan Square
      Philadelphia, PA 19103-6998

      _____
      Tammi Markowitz