IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REGINA DeLILLO, | : | |
| 313 Morrison Road | : | |
| Reading, PA   19601 | : | CIVIL ACTION |
| Plaintiff, | : | No. 02 CV 5107 |
| | : | |
| v. | : | |
| | : | |
| ABRAHAM INDUSTRIES, INC., t/d/b/a | : | JURY TRIAL DEMANDED |
| VALLEY FORGE FLAG, INC. | : | |
| 1700 Conrad Weiser Parkway | : | |
| Womelsdorf, PA   19567 | : | |
| And | : | |
| MICHAEL LIBERMAN | : | |
| 1700 Conrad Weiser Parkway | : | |
| Womelsdorf, PA   19567 | : | |
| And | : | |
| SCOTT LIBERMAN | : | |
| 1700 Conrad Weiser Parkway | : | |
| Womelsdorf, PA   19567 | : | |
| And | : | |
| GREGORY HARRIS | : | |
| 1700 Conrad Weiser Parkway | : | |
| Womelsdorf, PA   19567 | : | |

**Defendants.**

## ANSWER ON BEHALF OF VALLEY FORGE FLAG COMPANY, INC., SCOTT LIBERMAN AND GREGORY HARRIS

1. Admitted.

2. Admitted.

3. Denied.

4. Admitted that Defendant Michael Liberman was an employee and corporate officer of Valley Forge Flag Company, Inc. ("VFF") at times material to the Complaint and was at

certain times a direct supervisor of Ms. DeLillo. Except as is specifically admitted in the foregoing, the allegations contained in Paragraph 4 are denied.

5. Admitted that Scott Liberman was an employee and corporate officer of VFF at times material to the Complaint and that he is a citizen of the Commonwealth of Pennsylvania with a business address at 1700 Conrad Weiser Parkway, Womelsdorf, Pennsylvania. Except is as specifically admitted in the foregoing, the allegations contained in Paragraph 5 are denied.

6. Admitted that Gregory Harris was an employee and corporate officer of VFF at times material to the Complaint, that he was at certain times a direct supervisor of Ms. DeLillo and that he is a citizen of the Commonwealth of Pennsylvania with a business address at 1700 Conrad Weiser Parkway, Womelsdorf, Pennsylvania. Except is as specifically admitted in the foregoing, the allegations contained in Paragraph 6 are denied.

7. Admitted.

8. The allegations constitute conclusions of law to which no response is required.

9. The allegations constitute conclusions of law to which no response is required. In any event, the Court lacks subject matter jurisdiction over the individual Defendants under Title VII.

10. Admitted that if the District Court has jurisdiction, venue is proper.

11. Admitted that Ms. DeLillo filed a Complaint with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission. Except as

is specifically admitted in the foregoing, Defendants are without knowledge or information sufficient to form a belief as to the date when such charges were filed.

12. Admitted that Ms. DeLillo filed an Amended Complaint with the EEOC and the Pennsylvania Human Relations Commission alleging retaliation. Except as is specifically admitted in the foregoing, Defendants are without knowledge or information sufficient to form a belief as to the date when such charges were filed.

13. Admitted.

14. Denied.

15. Admitted.

16. Admitted. Plaintiff DeLillo was employed as Human Resources Manager.

17. Admitted.

18. Defendants incorporate herein their response to Paragraph 4.

19. Defendants incorporate herein their response to Paragraph 4.

20. Defendants incorporate herein their response to Paragraph 5.

21. Defendants incorporate herein their response to Paragraph 5.

22. Defendants incorporate herein their response to Paragraph 6.

23. Defendants incorporate herein their response to Paragraph 6.

094280.00217/21060887v1

24. Denied that Ms. DeLillo was subjected to disparate discriminatory or harassing treatment or that she was subjected to a hostile work environment either generally or in the particular respects alleged as follows:

    a. Denied.

    b. Denied.

    c. Admitted that in or about 1997, Ms. DeLillo became a direct report to Michael Liberman. Except as is expressly admitted in the foregoing, the allegations as stated in paragraph 24(c) are denied.

    d. Admitted that Mr. Harris, on behalf of VFF, instructed Ms. DeLillo not to send or bring any employees to Michael Liberman's house after a 1997 holiday party for reasons related to corporate liability in connection with the use of alcohol. Except as is expressly admitted in the foregoing, the allegations contained in Paragraph 24(d) are denied.

    e. Admitted that, at her request, Ms. DeLillo accompanied Michael Liberman to the White House in connection with the Welfare-to-Work Program. Except as is specifically admitted in the foregoing, the allegations contained in 24(e) are denied.

    f. Denied.

    g. Denied.

094280.00217/21060887v1

h. Denied.

i. Denied.

j. Admitted that at the July 31, 1999 company picnic, Michael Liberman chased Ms. DeLillo, whom he did not know was pregnant, with a water balloon, a number of which she had brought to the picnic for use in games she organized. Except as is specifically admitted in the foregoing, the allegations contained in Paragraph 24(j) are denied.

k. Admitted that at the same picnic, some employees, male and female, danced atop picnic tables. Except as is specifically admitted in the foregoing, the allegations contained in Paragraph 24(k) are denied.

l. Denied.

m. Denied.

n. Denied.

o. Admitted that in October, 1999, Michael Liberman attended a trade show with other Valley Forge Flag employees and that upon his return, he related to Ms. DeLillo statements by another employee, who was on the trip, about behavior of a third employee in New Orleans which took place out of Michael Liberman's presence, before he arrived in New Orleans, and without his knowledge.

p. Denied.

q.  Admitted that during that time period, e-mails which appeared to be from sexually explicit websites arrived unsolicited in the general e-mail box. Except as specifically admitted in the foregoing, the allegations contained in Paragraph 24(q) are denied.

r.  Admitted that on that date, Michael Liberman accessed on the personal computer in his office a pornographic story and a photograph which unbeknownst to him printed on a common printer. Except as is specifically admitted in the foregoing, the allegations contained in Paragraph 24(r) are denied.

s.  Defendants are without knowledge or information sufficient to form a belief as to what Ms. DeLillo "found out." Except as specifically stated in the foregoing, the allegations contained in Paragraph 24(s) are denied.

t.  Denied.

u.  Admitted that on one day in August, 2000, Ms. DeLillo came to work in a casual attire because she said she was to be moving some boxes. Except as is specifically admitted in the foregoing, the allegations contained in Paragraph 24(u) are denied.

v.  Admitted that in August, 2000, Michael Liberman attempted to discuss with Ms. DeLillo her complaints of sexual harassment. Except as specifically admitted in the foregoing, the allegations contained in Paragraph 24(v) are denied.

w.  Denied.

094280.00217/21060887v1

x. Defendants are without knowledge or information sufficient to form a belief as to what e-mails Ms. DeLillo received on her personal hotmail account.

y. Denied that Michael Liberman perpetuated a hostile and offensive environment on any routine basis or that Greg Harris or Scott Liberman were aware that there existed a hostile and offensive environment on a routine basis and, specifically, it is responded as follows:

   i. Admitted that Michael Liberman occasionally downloaded and printed pornographic material in his personal office. Except as is specifically admitted in the foregoing, the allegations contained in this subparagraph are denied.

   ii. Defendants incorporate herein their response to Paragraph 24(q).

   iii. Defendants incorporate herein the response to Paragraph 24(r).

   iv. Admitted that Michael Liberman occasionally received catalogues and magazines in his office mail. Except as is specifically admitted in the foregoing, the allegations contained in this subparagraph are denied.

   v. Denied.

   vi. Denied.

   vii. Denied.

   viii. Denied.

7

       ix.     Defendants are without knowledge or information sufficient to form a belief as to what Ms. DeLillo may have received in her e-mail on January 3, 2001.

   z.     Denied.

   aa.    Admitted that counsel sent a copy of a proposed EEOC Charge to counsel for VFF some time in February, 2001 and on April 6, 2001 VFF terminated Ms. DeLillo's employment as well as the employment of numerous other employees in connection with a corporate restructuring. Except as is specifically admitted in the foregoing, the allegations contained in Paragraph 24 (aa) are denied.

25.    Denied.

26.    Denied.

27.    Denied.

28.    Denied

29.    Defendants incorporate herein by reference their responses to Paragraphs 1 through 28.

30.    Denied.

31.    Denied.

32.    Denied.

33.    Denied.

094280.00217/21060887v1

34. Denied.

35. Defendants incorporate by reference herein their responses to Paragraphs 1 through 34.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Defendants incorporate by reference their responses to the allegations contained in Paragraphs 1 through 42.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

WHEREFORE, Defendants request that the Court enter judgment for Defendants and against Plaintiff on all claims and assess the reasonable costs of the action.

## AFFIRMATIVE DEFENSES

### First AffirmativeDefense

Plaintiff fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims under both Title VII and the Pennsylvania Human Relations Act are barred by the applicable periods of limitation.

### Third Affirmative Defense

Plaintiff waived any claims of hostile sexual environment through her own conduct.

### Fourth Affirmative Defense

Because Ms. DeLillo unreasonably failed to avail herself of the company's established written remedial procedures for the resolution of complaints of alleged sexual harassment, and did not suffer tangible adverse job action for any unlawful reason, Defendants are entitled to the Farragher/Ellerth defense.

<u>Fifth Affirmative Defense</u>

Ms. DeLillo is estopped from asserting the presence of offensive sexually related e-mails in the workplace as creating a hostile work environment by her own failure to take remedial counter-measures in her capacity as Human Resources Manager.

                                        Respectfully submitted,

                                        BLANK ROME COMISKY & McCAULEY LLP

                                        <u>/s/ Richard S. Meyer</u>
                                        Richard S. Meyer
                                        Attorney ID No. 09233
                                        (215) 569-5665
                                        Facsimile: (215) 832-5665
                                        Margaret A. McCausland
                                        Attorney ID No. 50281
                                        (215) 569-5548
                                        Facsimile (215) 832-5548
                                        Jennifer Platzkere
                                        Attorney ID No.76775
                                        (215) 569-5642
                                        Facsimile (215) 832-5642

                                        Attorneys for Defendants.

Dated: September 25 , 2002

094280.00217/21060887v1