IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **REGINA DELILLO,** : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION |
| v. : | |
| : | |
| ABRAHAM INDUSTRIES, INC., t/db/a : | No. 02-CV-5107 |
| VALLEY FORGE FLAG, INC., *et al.* : | |
| : | |
| Defendants. : | |
| : | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT MICHAEL LIBERMAN'S
MOTION TO DISMISS COUNT I OF PLAINTIFF'S COMPLAINT**

Defendant Michael Liberman, by and through his undersigned counsel, hereby submits this Memorandum of Law in support of his Motion to Dismiss Count I of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), because the Complaint fails to state a claim upon which relief can be granted.

**I.     INTRODUCTION AND PROCEDURAL HISTORY**

On or about July 22, 2002, Plaintiff filed a three-count Complaint against her former employer, Defendant Valley Forge Flag Company, Inc. ("VFF"), and three of its employees – Defendants Gregory Harris, Scott Liberman and Michael Liberman – alleging claims related to purported sexual harassment and sex discrimination.  Count I asserts claims against all Defendants based upon Title VII of the Civil Rights Act of 1964 ("Title VII"), *as amended*, 42 U.S.C. § 2000e *et seq.*; Count II asserts claims against all Defendants based on the Pennsylvania Human Relations Act; and Count III alleges claims against all Defendants based on the Pennsylvania common law tort of intentional infliction of emotional distress.  While Defendant Michael Liberman has filed an Answer

to Plaintiff's Complaint, he is filing the instant Motion to Dismiss because, as a matter of law, Title VII does not impose liability on individuals. Accordingly, Defendant Michael Liberman respectfully requests that this Court dismiss with prejudice Count I of the Complaint as to Michael Liberman.

## II.   LEGAL ARGUMENT

### A.   Because Title VII Does Not Apply To Individuals, This Court Should Dismiss Count I As To Michael Liberman.

In 1996, the Third Circuit ruled *en banc* that individual employees cannot be held liable for damages under Title VII. Sheridan v. E.I. DuPont de Nemours and Co., 100 F.3d 1061, 1077-78 (3d Cir. 1996) (*en banc*), cert. denied, 521 U.S. 1129 (1997). In so holding, the Third Circuit relied on two key factors. First, when Congress amended Title VII in 1991 to provide a detailed "sliding scale" of damage caps based on the size of the employer, "it made no reference as to the amount of damages, if any, that would be payable by individuals. ***This strongly suggests that Congress did not contemplate that such damages would be assessed against individuals who are not themselves the employing entity.***" Id. at 1077 (emphasis added). Second, because of Congress's concern about the impact of Title VII litigation on small businesses, it specifically excluded businesses with less than fifteen (15) employees from the statute's definition of "employer." Thus, the Third Circuit stated, "It is reasonable to infer that ***Congress's concern in that regard applies as well to individuals.***" Id. at 1077-78 (emphasis added).

After the Third Circuit's ruling in Sheridan, which it reaffirmed earlier this year in Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002), courts in this Circuit have readily and repeatedly dismissed with prejudice Title VII claims brought against individual employees. See, e.g., Marion v. City of Philadelphia Water Dep't, 161 F.

2

Supp. 2d 381, 384 (E.D. Pa. 2001); Jones v. School Dist. of Philadelphia, 19 F. Supp. 2d 414, 417 n.1, (E.D. Pa. 1998), aff'd, 198 F.3d 403 (3d Cir. 1999); Lewis v. State of Del. Dep't of Pub. Instruction, 948 F. Supp. 352, 365 (D. Del. 1996) (individual defendants cannot, "***under any set of facts***, be held individually liable for Title VII violations") (emphasis added). Moreover, courts in this Circuit have made clear that Title VII does not impose individual liability even against the alleged harasser. See, e.g., Hitchens v. County of Montgomery, 2002 WL 207180 (E.D. Pa. Feb. 11, 2002) (dismissing Title VII claims against alleged harasser because individual defendants cannot be held individually liable under Title VII); Anderson v. Delux Homes of PA, Inc., 131 F. Supp.2d 637 (M.D. Pa. 2001) (granting summary judgment in favor of alleged sexual harasser because individuals may not be found liable pursuant to Title VII).

This has been a long-settled issue in the Third Circuit; Plaintiff cannot maintain a claim of liability under Title VII against Michael Liberman. Therefore, this Court should dismiss with prejudice Count I as to Michael Liberman.

### III. CONCLUSION

For the foregoing reasons, Defendant Michael Liberman respectfully requests that this Court grant his Motion to Dismiss Count I of Plaintiff's Complaint with prejudice for failure to state a claim upon which relief can be granted.

Respectfully submitted,

HOYLE, MORRIS & KERR LLP

_____
Jan Fink Call
Attorney ID No. 58238
Tammi Markowitz
Attorney ID No. 84822
Hoyle, Morris & Kerr LLP
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA  19103
(215) 981-5700

Attorneys for Defendant
Michael Liberman

Dated:  September 30, 2002

5